IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

EVIS D. NELSON                                                                        PLAINTIFF

v.                                          Case No. 6:24-cv-06089

NURSE KELLY AUNSPAUGH;
APRN V. STRICKLAND; DANA
HAYNES; and WELLPATH, LLC                                                             DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed on October 15, 2025, by the Honorable Christy D. Comstock, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 49). Judge Comstock recommends that the Court grant Defendants' Motion for Summary Judgment (ECF No. 20) and dismiss this case without prejudice because Plaintiff did not fully exhaust his administrative remedies before filing this case. Plaintiff objects. (ECF Nos. 50, 52, 53). The matter is ripe for consideration.

## I. BACKGROUND

On June 28, 2024, Plaintiff filed this case pursuant to 42 U.S.C. § 1983. (ECF No. 1). On July 15, 2024, Plaintiff filed an Amended Complaint, alleging that Defendants violated his constitutional rights by denying him medical care. (ECF No. 9). For Count One, Plaintiff alleges that Defendants Aunspaugh, Strickland, and Haynes refused to honor his set surgery appointment, declined to reschedule his surgery, and refused to place him on the Arkansas Division of Corrections ("ADC") doctor's list to receive tailbone surgery. *Id.* at 4-5. Plaintiff claims that his tailbone is still fractured and that he continues to experience excessive pain and discomfort. *Id.* For Count Two, Plaintiff alleges that Defendant Strickland refused to schedule an appointment with an oncologist or reschedule his surgery appointment. *Id.* at 6-7. For Count Three, Plaintiff

alleges that Defendant Haynes refused to make copies of his set appointment or notify the head doctor of the set appointment. *Id.* at 7-8. Plaintiff proceeds against Defendants in their individual and official capacities. On September 16, 2024, Defendants filed a motion for summary judgment, arguing that the case should be dismissed because Plaintiff did not fully exhaust his administrative remedies for any relevant grievance before filing this lawsuit. (ECF No. 20).

On October 15, 2025, Judge Comstock issued the instant Report and Recommendation. (ECF No. 49). Judge Comstock first recommends that Plaintiff's claims against Defendant Wellpath, LLC be dismissed because Wellpath, LLC's Bankruptcy Plan of Reorganization discharged Wellpath, LLC from liability for all claims arising prior to November 11, 2024. *Id.* at 4. Judge Comstock also recommends that Plaintiff's official capacity claims against Wellpath, LLC employees, Defendants Aunspaugh, Strickland, and Haynes, be dismissed because they are functionally equivalent to a claim against Wellpath. *Id.* at 5.

Judge Comstock next recommends that Defendants Aunspaugh, Strickland, and Haynes are entitled to summary judgment on Plaintiff's individual capacity claims because Plaintiff failed to exhaust his administrative remedies before filing this case. Judge Comstock noted that Plaintiff filed six grievances in the relevant time period: OM-24-00256, OM-24-00277, OM-24-00291, OM-24-00325, OM-24-00334, OM-24-00349. *Id.* at 7-8. Judge Comstock found that only the first three grievances relate to the claims in this case, and that Plaintiff did not appeal those grievances. Judge Comstock considered and rejected Plaintiff's arguments that the grievance process was "hyper-technical" and "futile." *Id.* at 8. Judge Comstock also rejected Plaintiff's argument that he cannot refile any grievances because he has been transferred out of the Omega Unit, where he initially filed his grievances. *Id.* at 9. Thus, Judge Comstock recommends that

2

Plaintiff's individual capacity claims against Defendants Aunspaugh, Strickland, and Haynes be dismissed without prejudice. *Id.*

Plaintiff filed three documents with the Court following the Report and Recommendation. First, on October 20, 2025, Plaintiff filed a motion in which he argues that he is still being denied an appointment for his surgery. (ECF No. 50). Plaintiff also requests that the Court appoint him counsel.[1] Plaintiff's first motion was filed on the docket as his objections to the Report and Recommendation, however, it appears that Plaintiff drafted it between October 7 and 15, 2025, before the issuance of the Report and Recommendation on October 15, 2025.

Second, on October 30, 2025, Plaintiff filed a document addressed to Judge Comstock which he titled "written objections." (ECF No. 52). In his written objections, Plaintiff reargues that Defendants failed to schedule his appointment or make copies. Plaintiff acknowledges that only three of his six grievances pertained to his tailbone injury and appointment requests. *Id.* at 4. Plaintiff argues that grievance OM-24-00256 pertains entirely to his "tail bone situation" and that he was unable to enter "an entire portion of [his] lawsuit/procedures" due to his transfer from the Omega Unit to the North Central Unit. *Id.* at 3. Plaintiff also states that grievances OM-24-00256 and OM-24-00291 clearly refer to his denial of medical care claim. *Id.* at 4. Plaintiff does not claim that he appealed those grievances. Plaintiff also requests that the Court grant him a hearing so that he may testify.

Third, on December 29, 2025, Plaintiff filed a motion requesting a thirty-day extension to object to the Report and Recommendation. (ECF No. 53). Plaintiff claims that he did not receive the Report and Recommendation until December 15, 2025, well past the fourteen-day deadline to respond.

---

[1] The Court has denied five of Plaintiff's requests to appoint Counsel, finding that Plaintiff was capable of prosecuting his claims and defending against Defendants' summary judgment motion on exhaustion. (ECF Nos. 44, 45, 51).

## II.  DISCUSSION

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1).  Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C).  After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation."  *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).  Generally, "objections must be timely and specific" to trigger *de novo* review.  *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).  The Court applies a liberal construction when determining whether *pro se* objections are specific.  *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). In the absence of objections, the Court "need only satisfy itself that there is no clear error on the face of the record."  Fed. R. Civ. P. 72 advisory committee's note, subd. (b); *see also Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (requiring a "clearly erroneous" standard of review for portions of a Report and Recommendation that are not objected to).

With that framework in mind, the Court will first determine whether Plaintiff timely objected to the Report and Recommendation.  In his motion for an extension of time, Plaintiff argues that he was unable to timely object to the Report and Recommendation because he did not receive it until December 15, 2025.  (ECF No. 53).  However, Plaintiff filed a document titled

4

"written objections" addressed to Judge Comstock on October 30, 2025, in which he appears to object to the Report and Recommendation. (ECF No. 52). For example, Plaintiff acknowledges Judge Comstock's finding in the Report and Recommendation that only three of his six grievances pertain to his tailbone injury and appointment. *Id.* at 4. Thus, the Court will consider Plaintiff's October 30, 2025, filing as his timely objections to the Report and Recommendation.

The Court finds that Plaintiff's objections are not specific. Plaintiff's objections do not engage with Judge Comstock's finding that he failed to appeal his grievances about his tailbone injury or surgery appointment. Plaintiff does not, for example, argue that he timely appealed those grievances, that he was prevented from utilizing the grievance procedures by prison officials, or that prison officials failed to comply with their grievance procedure. *See Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (recognizing two exceptions to the Prison Litigation Reform Act exhaustion requirement).

In the absence of specific objections, the Court finds no clear error on the face of the record with respect to Judge Comstock's recommendations and will adopt them.

### III.   CONCLUSION

Accordingly, the Court finds that the Report and Recommendation (ECF No. 49) should be and hereby is **ADOPTED** *in toto*. This case is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 19th day of March, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

5